## United States District Court
### District of Massachusetts (Worcester)
### CIVIL DOCKET FOR CASE #: 4:04-cv-40069-GAO

Garner v. Winn
Assigned to: George A. O'Toole Jr.
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 05/04/04
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**
-----------------------

**Gary Garner**                    represented by **Gary Garner**
                                                  31475-039
                                                  Unit 1
                                                  Federal Medical Center Devens
                                                  PO Box 879
                                                  Ayer, MA 01432
                                                  PRO SE

V.

**Respondent**
-----------------------

**David L. Winn**                  represented by **Michael J. Sullivan**
                                                  United States Attorney's Office
                                                  John Joseph Moakley Federal Courthouse
                                                  1 Courthouse Way
                                                  Suite 9200
                                                  Boston, MA 02210
                                                  617-748-3350
                                                  Fax : 617-748-3953
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 05/04/2004 | 1 | PETITION for Writ of Habeas Corpus 2241 $ 5, receipt number 404315, filed by Gary Garner.(Hassett, Kathy) (Entered: 05/05/2004) |
| | | |

| 05/04/2004 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Collings. (Barrette, Mark) (Entered: 05/10/2004) |
| --- | --- | --- |
| 06/07/2004 | 2 | Letter/request (non-motion) from Gary A. Garner. (Barrette, Mark) (Entered: 06/21/2004) |
| 07/06/2004 | 3 | Letter/request (non-motion) from Gary Garner. (Barrette, Mark) (Entered: 07/12/2004) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 07/13/2004 20:04:19 | | | |
| PACER Login: | bp0567 | Client Code: | 01-11930 |
| Description: | Docket Report | Case Number: | 4:04-cv-40069-GAO |
| Billable Pages: | 1 | Cost: | 0.07 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Gary Garner )
      Petitioner )
       )
vs. )
 )  CIVIL ACTION No.
DAVID L. WINN, Warden )  **04-40069**
Federal Medical Center, )
Devens, )
 )
      Respondent. )

### PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO
### 28 USC §2241

#### THE PARTIES

1. The Petitioner is a citizen of the State of Massachusetts presently being held in incarceration at the Federal Medical Center, Devens Camp ("FMC Devens Camp") in Ayer, Massachusetts.

2. The Respondent is the Warden of the FMC Devens Camp and is the proper party to this 28 USC §2241 habeas corpus action.

#### JURISDICTION AND VENUE

3. The jurisdiction of this Court is founded under the provisions of 28 USC §2241.

4. Venue of this Court is founded under 28 USC §1391 (e).

#### STATEMENT OF THE CASE

5. The Petitioner seeks the Court to enjoin the Respondent from limiting the Community Corrections Center ("CCC" or "Halfway House") eligibility of the Petitioner as per the policy set forth in a Memorandum dated December 20, 2002 (the " 12/20/02 Memorandum")

The Petitioner also seeks the Court to direct the Respondent to grant to the Petitioner, as he would have received, placement in CCC six (6) months prior to this statutory release date before being allowed during the last ten (10) percent of his term to be placed in home confinement.

   The 12/20/02 Memorandum contains a directive to the Respondent which has the effect of changing the date on which the Petitioner would become eligible for consideration for the transfer to a CCC from at least as early as November 1,2004 (six months before his Projected Release Date of May 1, 2005 to a date no earlier than March 8,2005 (his Projected Statutory Release Date less ten percent (10%) of his sentence to be served). The Petitioner asserts that such a change is based upon an erroneous interpretation of law applied to a very well-established policy. The Petitioner also asserts that the change was implemented without compliance with the notice and comment requirements pursuant to 5 USC §553 (the "Administration Procedure Act" or "APA"). The Petitioner also asserts that such a change would deprive the Petitioner of liberty or property without due process of law in violation of Article V of the Amendment to the Constitution.

## THE FACTS

6. On June 25 [24 struck through], 2003, the Petitioner was sentenced by the United States Disctrict Court for the Eastern District of Michigan, to a term of confinement of twenty-one (21) months.

7. On October 24, 2003, the Petitioner reported to the correctional facility designated by the Bureau of Prisons ("BOP"), the FMC Devens Camp in Ayer, Massachusetts, and commenced his sentence.

8. On October 24, 2003 the Respondent caused to be issued to the Petitioner an Admissions and Orientation Inmate Handbook (Revised: January 1, 2002) (A&O Handbook"), which contained on Page 25, the following

### "RELEASE"

...
Community Corrections Center ("Halfway House"): The purpose of a Community Corrections Center (CCC) is to provide inmates a positive transition from the Institution to a community based correctional setting and to final release. The length of stay in a center is determined by individual needs, availability of services in conjuction with institutional adjustment and instant offense behavior. Placement in a CCC facility will generally range between thirty (30) and one hundred eighty (180) days. The exact range of a placement is determined on a case by case basis.
..."

Upon information and belief, A&O Handbooks containing the "Release" Statement quoted above are being issued to new inmates at FMC Devens Camp at least as of the date of filing of this Petition.

9. On October 24, 2003, and upon information and belief, continuously until at least the date of filing of this Petition, the BOP had in effect "Program Statement Number 7310.04, Date: 12/16/98, SUBJECT: Community

3

Corrections Center (CCC) Utilization and Transfer Procedure" ("PS 7310").

PS 7310 states the following in Section 5, Pages 3 and 4:

> "5. <u>STATUTORY AUTHORITY.</u> 18 USC §3624 (c) provides:
>
> 'The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten percent of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's reentry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation Office shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.'
>
> 18 USC §3621 (b) provides:
>
> 'The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The bureau ;may designate any available penal or correctional facility...the Bureau determines to be appropriate and suitable.' A CCC meets the definition of a 'penal or correctional facility.'
>
> <u>Therefore, the Bureau is not restricted by §3624 (c) in designating a CCC for an inmate and may place an inmate in a CCC for more than the 'last ten per centum of the term,' or more than six months, if appropriate. (Emphasis supplied).</u>
>
> Section 3624 (c) however does restrict the Bureau in placing inmates on home confinement to the last six months or (10%) of the sentence, whichever is less."

    10.    Upon information and belief, until directed by the 12/20/02 Memorandum, the FMC Devens Camp, of which the Respondent is the Warden, had consistently recommended "most inmates...for a six month placement at a CCC..." (as recited by Nancy Patterson, Unit Manager, FMC Devens Camp, in her Declaration of September 15, 2003 in the case entitled Goldings v. Winn, District Court for the District of Massachusetts No. 03-40161-WGY

- 4 -

Docket Entry No. 15 and the United States Court of Appeals for the First Circuit number 03-2366).

11. On December 13, 2002, an "Opinion" was sent by a Principal Deputy Assistant Attorney General in the DOJ Office of Legal Counsel to the Deputy Attorney General (the "12/13/02 Opinion") which stated inter alia, that the BOP's practice of transferring inmates to a CCC for longer than the lesser of ten percent (10%) of the term to be served or six months was "not lawful."

12. On December 16, 2002, the Deputy Attorney General sent a "Memorandum" to the Director of the BOP (the "12/16/02 Memorandum") in which he referred inter alia to the 12/13/02 Opinion and stated that the authority of the BOP to transfer an inmate to a CCC is limited to the authority in 18 USC §3624(c) to transfer for the lesser of six (6) months or ten percent (10%) of the term to be served. No reference was made to the BOP's authority under 18 USC §3621 (b).

13. On December 20, 2002, The Assistant Director/ Correctional Programs Division and the Assistant Director/General Counsel of the BOP sent a "Memorandum For Chief Executive Officers" on the "Subject: Community Confinement Procedure Changes" (the "12//20/02 Memorandum") to, among others, the Respondent. The 12/20/02 Memorandum referred to the 12/13/02 Opinion and stated, inter alia, that "effective immediately" the BOP's CCC designation authority is limited to the "last 10% of the prison sentence, not to exceed six months." It directed that "future pre-release CCC designation cases must be immediately reviewed to ensure compliance with this revised procedure before the inmates depart their parent

institutions." The 12/20/02 Memorandum also directed the Chief Executive Officers, including the Respondent, to "advise inmates wishing to challenge any aspect of the revised procedure to do so through the Bureau's administrative remedy program."

14. Upon information and belief, on December 24, 2002, the Respondent orally informed the inmates at FMC Devens Camp that a new DOJ opinion on CCC eligibility had been received, briefly described his understanding of its effect as changing the practice of six (6) month transfers regardless of the length of sentence, and stated that he believed that the opinion was being reviewed by BOP attorneys and may be "appealed." Upon information and belief, the Bop has never "appealed" the DOJ 12/13/02 Opinion.

15. On April 9, 2004 the Petitioner filed an " Informal Resolution Form" (a so-called "BP-8 1/2") with the Unit Team at FMC Devens Camp. The BP-8 1/2 requested that the Petitioner be granted a six-month placement in a CCC as he would have received prior to the implementation of the 12/20/02 Memorandum directive, which the Petitioner believes was an erroneous interpretation of the law. The BP-8 1/2 was returned with a comment that the issue can not be resolved at the Unit level.

16. On April 15, 2004 the Petitioner filed a "Request For Administrative Remedy" (a so-called "BP-9") with the Respondent. The BP-9 is the first step of the BOP's administrative remedy program referred to in the 12/20/02 Memorandum and is set forth in 28 CFR §542.10-§542.19. In his BP-9, the Petitioner challenged the new or revised interpretation of the law as erroneous. As of April 30, 2004 the Petitioner has not received the Respondent's reply to the BP-9.

17. Upon information and belief, citing the 12/20/02 Memorandum, all of the BP-9, BP-10 and BP-11's filed since December 2002, by other inmates, asking for six-month CCC designations have been rejected/denied.

18. Anticipating denial/rejection of his BP-9, filed on April 15, 2004 the Petitioner plans to file a timely Regional Administrative Remedy Appeal (a so-called "BP-10") addressed to the BOP's Regional Director pursuant to 28 CFR §542.10-§542.19.

19. Anticipating denial/rejection of his BP-10, the Petitioner plans to file a timely Central Office Administrative Appeal (BP-11) addressed to the General Counsel of the BOP pursuant to 28 CFR §542.10-§542.19.

## CAUSES OF ACTION

**Erroneous Interpretations**

20. The Petitioner alleges that the 12/20/02 Memorandum is based upon erroneous interpretations of the 18 USC §3621 and §3624 in relation to the transfer of inmates to a CCC and the designation of CCC as a penal or correctional facility. The "...BOP's new interpretation of the relevant statutes is contrary to a plain reading of the statutes, inconsistent with the prior rational interpretations of the statute propounded by both the BOP and OLC, and not supported by the legislative history surrounding the enactment of the statutes in 1984. "Zucker v. Menifee No. 03Civ 10077(RJH) (S.D.N.Y. Jan. 21, 2004). See Monahan v. Winn, 276 F. Supp. 2d 196 (D. Mass. 2003); Greenfield v. Menifee, No. 03Civ.8205 (Wood, J.) (S.D.N.Y. Oct. 31, 2003);

Cato v. Menifee, No. 03Civ.5795, 2003 WL22725524 (Chin, J.) (S.D.N.Y. Nov. 20, 2003); Iacaboni v. United States, 251 F. Supp. 2d 1015 (D.Mass.2003); Ferguson v. Ashcroft, 248 F Supp. 2d 547 (M.D.La 2003).

**Failure to Meet the APA Requirements**

21. The BOP Program Statement No. 7310.04, in effect continuously since 12/16/98 until at least the date of filing of this petition, clearly articulates that the BOP was not restricted by 18 USC §3624 (c) in placing an inmate at a CCC for a period in excess of the last ten (10) percent of his/her custodial term, and more than six (6) months if appropriate.

22. Upon information and belief, until directed by the 12/20/02 Memorandum, the FMC Devens Camp, of which the Respondent is the Warden, had consistently recommended most inmates for a six-month placement at a CCC.

23. The 12/20/02 Memorandum's directives mark a significant change from the long-established transfer-to-CCC policy.

24. The U.S. Supreme Court has held that the rule-making provisions of the APA do apply when an agency adopts a new position inconsistent with any of the agency's existing regulations.

25. The BOP's new rule, outlined in the 12/20/02 Memorandum, is invalid because the rule-making notice and comment requirements of the APA 5 USC §§551, et. esq., were not followed. See Hurt v. Federal Bureau of Prisons, No. 5:03-CV-265-4 (DF) (M.D.GA Aug. 29,2003); Culter v. United States, 241 F. Supp. 2d 19 (D.D.C. 2003); Monahan v. Winn, 276 F. Supp. 2d 196 (D.Mass 2003); Greenfield v. Menifee, No. 03Civ. 8205 (Wood, J.)(S.D.N.Y. Oct. 31, 2003; Iacaboni v. United States, 251 F. Supp. 2d 1015 (D.Mass 2003).

26. Upon information and belief, absent the 12/20/02 Memorandum, the Petitioner would have been eligible under the established BOP policy and practice at FMC Devens Camp for transfer to a CCC six months prior to his Statutory Release Date of May 1, 2005, and under an appropriate exercise of discretion, unconstrained by the erroneous and invalid limitations imposed by the 12/20/02 Memorandum, the Petitioner would likely be approved for six months CCC placement prior to being allowed to be placed in home confinement during the last ten (10) percent of his term beginning on March 8, 2005. Petitioner is therefore being deprived of his liberty in violation of the Due Process Clause.

27. The Petitioner and his family will suffer irreparable injury if the injunctive relief is denied and the erroneous limitation dictated by the 12/20/02 Memorandum imposed. Prior to the beginning of his sentence on October 24, 2002 the Petitioner had established a software development vocation which he suspended to serve his incarceration. The Petitioner has had plans, at the earliest possible time, to restart this vocation, which takes time to establish (as contacts must be reestablished and potential client relationships developed), while being employed simultaneously, and aid towards maintenance and advancement of his family, business and societal responsibilities. To the extent the erroneous limitation of the 12/20/02 Memorandum delays his return to restart this vocation, the Petitioner and his family would suffer harm that can not be repaired and recouped.

28. Even though he is pursuing relief through the BOP's administrative remedy program, the Petitioner claims that these efforts will be futile because all those who will be responding to the Petitioner's appeal through the administrative remedy program are required to follow the limitations imposed by the 12/20/02 Memorandum. Upon information and belief, the authority to withdraw or invalidate the 12/20/02 Memorandum is vested in officers and employees beyond the highest level (BOP's General Counsel) of administrative appeal available to the Petitioner. Therefore, unless the 12/20/02 Memorandum is withdrawn by the BOP, seeking relief through the administrative remedy program is an exercise in futility.

29. This petition raises the same issues of law as have been raised in approximately seven other cases in this district within the past year and the facts in this Petition are similar to those raised in these prior cases, all of which have been defended by the U.S. Attorney's office and consequently that office is very experienced in filing, responsive pleadings to petitions of this type. The Petitioner requests that the Court limit the time within which the Respondent shall file an answer, or other responsive pleading to within 20 days of receipt of the Court's order.

30. The Petitioner states that the relief sought, in order to be full and effective, must be granted no later than August 1, 2004 which is 90 days prior to the Petitioner's six month date of November 1, 2004, and not be subjected to any stays pending any appeals. This 90 day period would provide the Bureau of Prisons with time to process my assignment and to secure a bed at a CCC. In addition, if successful, the relief may take the form of an order to the Respondent Warden Winn to process the Petitioner's transfer to the CCC in order to successfully release the

Petitioner to the CCCon the six month date of November 1, 2004. Limiting the respondent's answer period to 20 days will provide additional time for the Court and, if necessary, the Respondent, to proceed with this case without a threat of it's being mooted by the passage of time, or the relief to which the Petitioner is entitled to being diminished.

31.  Since the Petitioner has no adequate remedy at law for damages, only the relief requested in this Petition granted by this Court can address this conflict.

### STATEMENT OF THE APPLICABILITY OF HABEAS RELIEF PURSUANT TO 28 USC §2241 TO THE INSTANT CASE AT BAR

32.  The Petitioner is seeking habeas relief pursuant to 28 USC §2241, which typically challenges the execution of a federal prisoner's sentence, "including such matters as the administration of parole, computation of a prisoner's sentence by officials, prison isciplinary actions, prison transfers, type of detention and prison conditions.: Jiminian v. Nash, 245 F3d 144, 146 (2nd Cir. 2001); see also Kingsley v. Bureau of Prisons, 937 F2d 26, 30 (2nd Cir. 1991) ("Challenges to the length, appropriateness or conditions of confinement are properly brought under 28 USC §2241"). Several petitions challenging the new BOP policy have been brought under this section. Monahan v. Winn, 276 F. Supp. 2d 196, 203 (D.Mass. 2003); Zucker v. Menifee, No. 03Civ. 10077 (RJH) (S.D.N.Y. Jan. 21, 2004); Greenfield v. Menifee, No. 03Civ. 8205 (Wood, J.) (S.D.N.Y. Oct, 31, 2003); Hurt v Federal Bureau of Prisons, No. 5:03-CV-265-4 (DF) (M.D.GA Aug. 29, 2003).

## RELIEF REQUESTED

**WHEREFORE**, the petitioner prays:

1. That the court limit the time within which the Respondent shall file an answer or other responsive pleading to within 20 days of receipt of the Court's order.

2. That the Court declare the CCC policy dictated by the 12/20/02 Memorandum to be invalid.

3. That the Court enjoin the Respondent, his agents, employees and attorneys from limiting the CCC eligibility of the Petitioner to ten (10) percent of his sentence based upon the 12/13/02 Opinion and as dictated by the 12/20/02 Memorandum.

4. That the Court direct the Respondent to grant to the Petitioner, as he would have received, placement in CCC six (6) months prior to his Statutory Release Date of May 1, 2005 before being allowed during the last ten (10) percent of his term to be placed in home confinement.

5. That, in light of the short time between the Court's anticipated decision and November 1, 2004 the Court direct the BOP to review immediately, on an expedited basis, the Petitioner's CCC status applying the pre-December 2002 criteria without consideration of the policy stated in the 12/20/02 Memorandum.

6. That the Court direct the Respondent to implement its CCC decision as applicable to the Petitioner without delay to enable the Petitioner to have the full benefit of this relief.

7.  Any other further relief that the Court may determine to be necessary and proper and which justice may require under the circumstances.

Dated: April 30, 2004                    RESPECTFULLY SUBMITTED,

*[signature]*

Gary A. Garner  Pro Se
# 31475-039     Unit I
Federal Medical Center Devens
P.O. Box 879
Ayer, MA 01432

## VERIFICATION

I, Gary A. Garner do hereby certify that all of the facts and circumstances as stated by me in the instant Petition are based upon information and belief, and are true and correct to the best of my knowledge.

Dated: April 30, 2004                    RESPECTFULLY SUBMITTED,

*[signature]*

Gary A. Garner  Pro Se
# 31475-039     Unit I
Federal Medical Center Devens
P.O. Box 879
Ayer, MA 01432