UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY GARNER, )<br>                  )<br>   Petitioner, )<br>                  )<br>      v. )<br>                  )<br>DAVID L. WINN, Warden )<br>Federal Medical Center, )<br>Devens )<br>                  )<br>   Respondent. ) | Civil Action No. 04-40069-GAO |

**MEMORANDUM IN SUPPORT OF**
**RESPONDENT'S MOTION TO DISMISS**

**INTRODUCTION**

On or about May 4, 2004, the Petitioner Gary Garner, an inmate at Federal Medical Center Devens (FMC Devens), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he asserted that the policy followed by the Respondent David L. Winn, the Warden of FMC Devens, regarding placement of prisoners in community corrections centers ("CCCs") was unlawful. Specifically, the Petition asserted that prior to December 2002, FMC Devens exercised discretion under 18 U.S.C. § 3621(b) to authorize CCC placement for periods longer than that specified in 18 U.S.C. § 3624(c) (the last ten percent of the prisoner's sentence, not to exceed six months), but that in December 2002, the BOP changed its CCC placement policy so as to restrict CCC placement to the last ten percent of the sentence, not to exceed six months. The Petition asserted that the December 2002 change in policy was unlawful for a variety of reasons.

On September 9, 2004, the Court of Appeals for the First Circuit in another case decided the precise issue raised by the Petitioner in this case. In <u>Goldings v. Winn</u>, 383 F.3d 17 (1st Cir. 2004), the court held that the new policy implemented in December 2002 was contrary to 18 U.S.C. § 3621(b). The mandate in <u>Goldings</u> issued September 30, 2004. In response to the <u>Goldings</u> decision, FMC Devens has changed its practice on CCC placement to conform to the decision in <u>Goldings</u>. Specifically, for prisoners who, like Petitioner Garner, were evaluated under the policy announced in December 2002, FMC Devens is in the process of re-evaluating those prisoners in accordance with the prior policies, consistent with the holding of <u>Goldings</u>. Accordingly, the Petitioner will be re-evaluated for CCC placement without regard to the December 2002 policy that is the subject of his petition. Declaration of Patrick W. Ward, attached hereto.

## ARGUMENT

The Petitioner is now being afforded all the relief he would be entitled to receive from this Court. The only relief he would be entitled if his claim were to proceed would consist of a declaration that the new CCC policy announced in December 2002 is unlawful and an order directing FMC Devens to consider him for CCC placement under the policies in existence prior to December 2002. <u>See</u>, <u>e.g.</u>, <u>Zucker v. Mennifee</u>, 2004 WL 102779 *11 (S.D. N.Y., Jan. 21, 2004) (ordering warden to reconsider petitioner for CCC placement consistent with the BOP policy in place prior to December 2002); <u>Serafini v. Dodrill</u>, 325 F.Supp.2d 535, 539 (M.D. Pa. 2004) ("Respondent shall, in good faith, consider petitioner for community corrections center placement in accordance with the factors taken into account by the Federal Bureau of Prisons prior to December, 2002."). The declaration sought by the Petitioner is unnecessary in light of the <u>Goldings</u>

decision, and the BOP is now undertaking to re-evaluate the Petitioner under the pre-2002 practice. There is no basis for concluding that the Respondent will not comply with the law as declared in Goldings. Cf. FCC v. Schreiber, 381 U.S. 279, 296 (1965) (noting "the presumption to which administrative agencies are entitled--that they will act properly and according to law"). Consequently, there is no more relief that this Court can appropriately grant.

As the First Circuit recently observed in United States v. Reid, 369 F.3d 619, 624 (1st Cir. 2004):

> Article III prohibits federal courts from deciding "moot" cases or controversies--that is, those in which "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496, (1969)); Gulf of Maine Fishermen's Alliance v. Daley, 292 F.3d 84, 87 (1st Cir. 2002). Mootness problems may arise at any point in a proceeding. "Even if an actual case or controversy exists at the inception of litigation, a case may be rendered moot (and, therefore, subject to dismissal) if changed circumstances eliminate any possibility of effectual relief." Me. Sch. Admin. Dist. No. 35 v. Mr. & Mrs. R., 321 F.3d 9, 17 (1st Cir.2003); see also Mangual v. Rotger-Sabat, 317 F.3d 45, 60 (1st Cir.2003). That is because, under Article III, federal courts have no authority to decide questions that cannot affect the rights of the litigants before them. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971)).

In view of the Respondent's decision to re-evaluate the Petitioner under the pre-2002 policies, Petitioner's claim is moot and should be dismissed.[1]

---

[1] In the event the Court disagrees, any judgment in this case should be limited to one declaring that Garner is entitled to be considered for CCC placement in accordance

To the extent the Petition requests the Court to order the Respondent to grant Petitioner a full six months of CCC placement (see Petition for Habeas Corpus, p. 12), this request should be denied. The policies in effect prior to December 2002 never guaranteed any particular period of CCC placement, especially for prisoners serving relatively short sentences of less than 36 months. Rather, the pre-2002 policies provided for the Bureau of Prisons to exercise <u>discretion</u> to place a prisoner in a CCC in excess of his ten percent period.

Moreover, while the Petition does not purport to challenge the <u>manner</u> in which the Respondent exercises discretion under 18 U.S.C. § 3621(b) (pursuant to the pre-2002 policies), the Respondent notes that this Court lacks jurisdiction to consider any such challenge. The habeas corpus remedy is not available to challenge the manner in which discretion is exercised. <u>See</u> <u>Goncalves v. Reno</u>, 134 F.3d 110, 113-114 (1st Cir. 1998) (noting that §2241 review is limited to challenging custody in violation of the "Constitution or laws or treaties of the United States" and that "pure issue[s] of law" may be raised in habeas); <u>see</u> generally <u>Diosa-Ortiz v. Ashcroft</u>, – F.Supp.2d –, 2004 WL 1636932 *4 (D. Mass. 2004) (discussing cases). The only other potential source of jurisdiction would be the Administrative Procedure Act. However, 18 U.S.C. § 3625 expressly provides that "[t]he provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or

---

with the pre-2002 BOP policies.

4

order under this subchapter." In short, Congress has expressly prohibited prisoners from bringing APA-type challenges to individualized BOP determinations regarding prisoner placement under 18 U.S.C. § 3621(b). Accordingly, there is no basis for this Court to review the BOP's exercise of discretion under § 3621(b) or to award the Petitioner any specific period of CCC placement.

For the foregoing reasons, the Petition for Writ of Habeas Corpus should be dismissed as moot.

                                                  Respectfully submitted,

                                                  MICHAEL J. SULLIVAN
                                                  United States Attorney

                                    By:   /s/ George B. Henderson, II
                                                 George B. Henderson, II
                                                 Assistant U.S. Attorney
                                                 John J. Moakley U.S. Courthouse
                                                 1 Courthouse Way, Suite 9200
                                                 Boston, MA 02110
Dated: October 25, 2004                    (617) 748-3282

CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was served upon Petitioner, Gary Garner, Reg. No.31475-039, FMC Devens Camp, P.O. Box 879, Ayer, MA 01432 by first class, postage prepaid mail on this date.

October 25, 2004                                    /s/ George B. Henderson, II
                                                        George B. Henderson, II